UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYUNG SOOK PARK,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Defendant. | Case No. 22-mc-80085-DMR<br><br>**ORDER GRANTING PETITION TO CORRECT/AMEND PLAINTIFF'S DATE OF BIRTH ON CERTIFICATE OF NATURALIZATION**<br><br>Re: Dkt. Nos. 1, 5 |

Self-represented Petitioner Kyung Sook Park filed a petition to correct/amend the date of birth on her certificate of naturalization from August 10, 1959 to August 10, 1957. [Docket No. 1.] Although she labeled it as a motion for reconsideration under Federal Rule of Civil Procedure 60(b)(6), the court construes Park's filing as a petition for a writ of mandamus to correct her certificate of naturalization pursuant to 28 U.S.C. § 1361.

Park explains that when she came to the United States from South Korea in 1981, her birth year was listed incorrectly as 1959, not 1957. In 1987, she naturalized as a U.S. citizen with the incorrect birth year listed on her certificate of naturalization. Many years later, she determined that the mistake was made at the institution that issues birth records and certificates in her hometown in South Korea. She went through the process of correcting the date of birth on her birth certificate. Park then used the corrected birth certificate to update her Social Security records in 2016. Park now seeks to correct the birth year on her certificate of naturalization.

On August 3, 2022, Respondent United States Citizenship and Immigration Services ("USCIS") filed a statement that it does not oppose Park's petition to correct her certificate of naturalization. [Docket No. 5.] USCIS served its statement via first-class mail on Park. [Docket No. 5.]

8 C.F.R. § 338.5(a) provides, "[w]henever a Certificate of Naturalization has been delivered which does not conform to the facts shown on the application for naturalization, or a clerical error was made in preparing the certificate, an application for issuance of a corrected certificate may be filed, without fee, in accordance with the form instructions." Courts have jurisdiction to amend naturalization orders issued prior to 1990 to correct clerical errors. *See Matter of Shrewsbury*, 77 F.3d 490 (9th Cir. 1996) (unpublished opinion). Also, "[c]ourts have used section 338.5 to make amendments to a Certificate of Naturalization if it is determined that the petitioner seeking amendment had simply made 'an honest mistake.'" *In re Kayoumy*, No. C11-mc-80135-RS (N.D. Cal. Oct. 29, 2011) (ECF No. 9) (quoting *In re Lee*, No. C06-80150 MISC MJJ, 2007 WL 926501, at *2 (N.D. Cal. Mar. 26, 2007)).

In light of USCIS's non-opposition to Park's petition, the court grants Park's request to amend the birth date on her certificate of naturalization from August 10, 1959 to August 10, 1957. The court further orders USCIS to immediately provide Park with clear instructions on how to effectuate the amendment.

**IT IS SO ORDERED.**

Dated: August 4, 2022



Donna M. Ryu
United States Magistrate Judge